UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHERYL A. MACPHERSON, | ) | 3:19-CV-01569 (KAD) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EVERSOURCE ENERGY SERVICE | ) | |
| CORPORATION, | ) | |
| *Defendant*. | ) | JULY 22, 2020 |

ORDER
RE: MOTION TO COMPEL [ECF NO. 29]

Kari A. Dooley, United States District Judge

Pending before the Court is the motion of the self-represented plaintiff, Cheryl A. Macpherson, ("the Plaintiff") to compel discovery from defendant Eversource Energy Service Corporation (the "Defendant"), which motion the Defendant opposes. (ECF No. 29.) For the reasons set forth in this Order, the motion is DENIED.

Both Rule 37 of the Federal Rules of Civil Procedure ("Rule 37") and Rule 37 of the Local Rules of Civil Procedure for the United States District Court for the District of Connecticut ("Local Rule 37") require parties to meet and confer in good faith prior to filing a motion to compel.[1] Specifically, Local Rule 37 states that a motion to compel cannot be filed:

> unless counsel making the motion has conferred, in person or by telephone, with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution.

D. Conn. Local R. Civ. P. 37(a). Local Rule 37, like Rule 37, further requires the moving party:

> [to] file with the Court, as a part of the motion papers, an affidavit certifying that he or she has conferred with counsel for the opposing

---

[1] The Local Rules and the Federal Rules of Civil Procedure can be located on the District's website: http://www.ctd.uscourts.gov/court-info/local-rules-and-orders.

>party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court, and has been unable to reach such an agreement.

*Id.*; *see also* Fed. R. Civ. P. 37(a)(1) (requiring certification of good faith efforts to meet and confer with person or party failing to make disclosure or discovery). Here, the Plaintiff did not include an affidavit certifying that she met and conferred with counsel for the Defendant concerning this discovery dispute, as required by Rule 37 and Local Rule 37. Nor is there any indication that she has done so. This alone provides a basis for denying the Plaintiff's motion.

Even so, in its objection to the motion, the Defendant represents that it has begun producing discovery in accordance with the Initial Discovery Protocols. The Defendant explains that there are certain categories of documents that it has been unable to produce in light of the on-going COVID-19 pandemic because employees are not permitted to enter company buildings. The Defendant further represents that it informed the Plaintiff that these categories of documents will be produced when it is able to do so. Finally, the Defendant further represents that it is "fully aware" of its disclosure obligations under the Initial Discovery Protocols and that it "continues to work to the best of its ability to properly gather and assemble information and documents under the extenuating circumstances." (Def.'s Obj. at 2, ECF No. 30.) The Court has no reason to doubt the veracity of this representation. For this reason, as well, the motion to compel is denied. The denial is without prejudice. If discovery issues persist, the Plaintiff may refile her motion to compel, but in doing so she must comply with the procedures set forth in both Rule 37 and Local Rule 37.

The Court also observes that some of the discovery sought by the Plaintiff in her motion is outside the scope of what is required to be produced under the Initial Discovery Protocols. To the extent that the Plaintiff seeks information or documents not covered by the Initial Discovery Protocols, the proper course is for the Plaintiff to serve requests for production or interrogatories

on the Defendant. The Plaintiff may serve requests for production pursuant to Rule 34 of the Federal Rules of Civil Procedure, and she may serve interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure.

Finally, the Defendant represents that the Plaintiff has not produced any information or documents as required by the Initial Discovery Protocols. The Court reminds the Plaintiff that she too must comply with her discovery obligations in this matter, including the discovery obligations imposed by the Initial Discovery Protocols.[2]

**SO ORDERED** at Bridgeport, Connecticut, this 22nd day of July 2020.

 */s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE

---

[2] The Initial Discovery Protocols were docketed in this case at Document Number 6.