# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHERYL A. MACPHERSON, | ) | 3:19-CV-01569 (KAD) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EVERSOURCE ENERGY SERVICE | ) | |
| CORPORATION, | ) | |
| *Defendant*. | ) | OCTOBER 23, 2020 |

## MEMORANDUM OF DECISION
## RE: MOTION TO DISMISS (ECF NO. 19)

Kari A. Dooley, United States District Judge:

The plaintiff, Cheryl A. Macpherson, (the "Plaintiff") commenced this action *pro se*[1] asserting several claims for employment discrimination against her employer, Eversource Energy Service Corporation (the "Defendant" or "Eversource"). The Defendant filed a motion to dismiss certain claims asserted in the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] The Defendant also seeks a more definite statement of the remaining claims. For the reasons set forth below, the motion to dismiss is GRANTED. Further, the Court grants the request for more definite statement as to the remaining claims.

**Background**

The complaint contains the following factual allegations, all of which are accepted as true for purposes of resolving the motion to dismiss. The Plaintiff has been employed by the Defendant since 1989. (EEOC Compl. at 1, ECF No. 1-3.) During the relevant period, the Plaintiff was employed as a Customer Service Center Representative III. (*Id.*)

---

[1] On September 17, 2020, counsel appeared for the Plaintiff.

[2] The motion to dismiss purports to challenge this Court's subject matter jurisdiction pursuant to Rule 12(b)(1). The Defendant does not, however, advance any arguments that would implicate this Court's subject matter jurisdiction. Accordingly, Rule 12(b)(1) will not be discussed further herein.

In or about March of 2018, the Plaintiff reported to management that her team supervisor made unwelcomed sexual comments to her.  (*Id.*)  On March 8 and March 19, 2019, the Plaintiff applied for two new positions, Business Customer Service Representative III and Business Customer Service Representative IV.  (*Id.*)  Although the Plaintiff was initially told that she would be interviewed for both positions, she was later told that she would not be interviewed because she did not meet all the satisfactory levels of performance in her most recent performance review.  (*Id.*)  The Plaintiff immediately looked at her last performance review and saw not only that she received a negative performance review but also that the team supervisor she had reported to management had completed the review.  (*Id.*)  The Plaintiff also revisited the job announcements for the positions she applied for and discovered that the Business Customer Service Representative III posting had been changed to a Business Customer Service Representative IV posting.  (*Id.* at 1–2.)

The Plaintiff believes that her age was a deciding factor in the rejection of her job applications.  (*Id.*)  She alleges that the Defendant has a practice of providing high bonuses to newly hired employees, who tend to be younger than employees who have been working for the Defendant longer.  (*Id.*)  The Plaintiff also expresses her opinion that the Defendant "is pushing out older individuals of their jobs with unreasonable expectations (Ex: performance) and lack of opportunities (Ex: training and promotions)."  (*Id.*)

On April 18, 2019, the Plaintiff filed a "Charge of Discrimination" (the Charge) with the Connecticut Commission on Human Rights and Opportunities (CHRO)[3] and the United States Equal Employment Opportunity Commission.  In the Charge, the Plaintiff asserted claims for (1) age discrimination, in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"),

---

[3] Although simultaneously filed with the CHRO with respect to any "applicable state statutes," Plaintiff does not, in this action, bring any discrimination claims pursuant to the Connecticut Fair Employment Practices Act.

and (2) retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, ("Title VII").  On July 11, 2019, the EEOC sent the Plaintiff a notice of denial of her federal claims and advised her of her right to sue.

On October 7, 2019, the Plaintiff filed the instant lawsuit against the Defendant and several employees of the Defendant utilizing the form complaint for employment discrimination claims. In the "Basis for Jurisdiction" section of the form, the Plaintiff indicated that she was pursuing employment discrimination claims under Title VII, the ADEA, and Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA").   In the "Statement of Claim" section, the Plaintiff indicated, through checked boxes, that the complained-of actions included "[f]ailure to promote me," "[f]ailure to accommodate my disability," "[u]nequal terms and conditions of my employment," and [r]etaliation."  (Compl. at 4, ECF No. 1.)  The Plaintiff indicated that the alleged discriminatory acts occurred on March 9, 2019 and remain on-going.  With respect to the basis for the discrimination, the Plaintiff checked the boxes for "gender/sex," age, and "disability or perceived disability."  (*Id.*)  In the section provided for the facts of the case, the Plaintiff refers only to the Charge, which she attached to the Complaint.

Upon initial review, *see* 28 U.S.C. § 1915, the Court dismissed with prejudice any claims asserted against the individual defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The only remaining defendant is Eversource.

On March 13, 2020, the Defendant filed the instant motion to dismiss.  The Defendant, as required by Rule 12(a) of the Local Rules of Civil Procedure for the United States District Court for the District of Connecticut, sent notice to the Plaintiff regarding the motion to dismiss.  The notice indicated that the Plaintiff's opposition must be filed within twenty-one days of the filing of the motion to dismiss and that she could file a motion for extension of time if necessary.

Nonetheless, the Plaintiff has failed to file an opposition to the motion to dismiss, and the time period for doing so has long since passed. "Failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion. . . ." (D. Conn. Local R. Civ. P. 7(a)(2).) Nonetheless, the Court addresses the merits of the Defendant's motion.

**Motion to Dismiss**

The Defendant moves to dismiss the ADA claim to the extent one is asserted and any non-retaliation Title VII claim based on gender discrimination, pursuant to Rule 12(b)(6).[4] To survive a motion to dismiss filed pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 678. Nevertheless, when reviewing a motion to dismiss, the Court must accept well-pleaded factual allegations as true and draw "all reasonable inferences in the non-movant's favor." *Interworks Sys. Inc. v. Merch. Fin. Corp.*, 604 F.3d 692, 699 (2d Cir. 2010).

---

[4] The Defendant also moves to dismiss the Plaintiff's negligent infliction of emotional distress claim to the extent one has been asserted which is not at all clear. In any event, the Court agrees that any such claim, if intended, must be dismissed. Under Connecticut law, "negligent infliction of emotional distress in the employment context arises only when it is based upon unreasonable conduct of the defendant in the termination process. . . ." *Perodeau v. Hartford*, 259 Conn. 729, 750 (2002). The Plaintiff has not alleged that she was terminated; to the contrary, she remains an employee of the Defendant. Accordingly, the Plaintiff has failed to state a plausible claim for negligent infliction of emotional distress.

**ADA**

The Defendant first argues that the Plaintiff's ADA claim should be dismissed because there are insufficient factual allegations to state a plausible ADA violation and because the Plaintiff failed to exhaust her administrative remedies as to this claim.

To make out a *prima facie* case for disability discrimination, Plaintiff must show that (1) she is a person with a disability under the meaning of the ADA; (2) Defendant is an employer subject to the ADA; (3) she could perform the essential functions of her job with or without reasonable accommodation; and (4) she was terminated or suffered some other adverse employment action because of her disability. *Wanamaker v. Town of Westport Bd. of Educ.*, 11 F. Supp. 3d 51, 76 (D. Conn. 2014) (citing *Reeves v. Johnson Controls World Servs. Inc.*, 140 F.3d 144, 149–50 (2d Cir. 1998)).

As the Court previously observed in its initial review order, in her complaint the Plaintiff "merely checks two boxes – one that she brings suit pursuant to the ADA, and the other that defendants failed to accommodate her disability – but provides no factual allegations supporting those conclusory assertions.  There is no statement as to the nature of the disability; whether the Defendant was aware of the disability; whether Plaintiff sought an accommodation for the disability; or the impact of the disability on the Plaintiff's ability to perform her job functions. Indeed, although the Charge states that plaintiff has 'a disability' it does not thereafter allege discrimination based on any such disability.  Rather, the Charge specifically alleges discrimination by [the individual] defendants . . . on the basis of plaintiff's sex and age."  (ECF No. 13 at 7 (footnote omitted; internal citations omitted); *see also* ECF No. 15 (order accepting and adopting recommended ruling in ECF No. 13).)

In sum, there are no factual allegations which plausibly allege any ADA violation and any intended ADA claim is dismissed. Further, the Court does not afford the Plaintiff the opportunity to amend her complaint to cure these deficiencies because even if the Plaintiff adequately pleaded her ADA claim, it would still be subject to dismissal for failure to exhaust administrative remedies. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend.").

"Ordinarily, a plaintiff seeking to bring a claim pursuant to the [ADA] . . . must exhaust administrative remedies through the EEOC or CHRO.  In this circuit, however, claims that were not asserted before the EEOC may be pursued in a subsequent federal court action if they are 'reasonably related' to those that were filed with the agency.  Subsequent conduct is reasonably related to conduct in an EEOC charge if: [1] the claim would fall within the reasonably expected scope of an EEOC investigation of the charges of discrimination; [2] it alleges retaliation for filing the EEOC charge; or [3] the plaintiff alleges further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge." *Soules v. Connecticut*, 882 F.3d 52, 57 (2d Cir. 2018) (citations omitted).  Here, the Plaintiff's ADA claim is not reasonably related to the claims asserted in the EEOC Charge.  The Plaintiff has not alleged retaliation for filing the Charge or incidents of discrimination carried out in precisely the same manner alleged in the Charge.  Nor would the ADA claim fall within the reasonable expected scope of the EEOC investigation, which would have been confined to age and sex discrimination claims. While the Plaintiff did state in her EEOC Charge, "I have a disability," as discussed above, she did not allege any additional factual allegations which would identify the basis for any purported ADA claim nor did she check the box for asserting a disability discrimination claim on the Charge.  (EEOC Compl. at 1.)  Additionally,

the EEOC's failure to reference the ADA in its denial letter is further evidence that the EEOC did not investigate a possible ADA violation.  (ECF No. 1-2 at 1.)

For these reasons, the Plaintiff's claim under the ADA is dismissed with prejudice.

**Title VII**

The Defendant next argues that the Plaintiff has failed to allege a plausible employment discrimination claim under Title VII.[5]  To make out a *prima facie* case of employment discrimination under Title VII, the Plaintiff must demonstrate that she (1) was within a protected class, (2) was qualified for the position at issue, (3)  was subject to an adverse employment action, and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination.  *See, e.g.*, *Naumovski v. Norris*, 934 F.3d 200, 214 n.39 (2d Cir. 2019) (setting out the familiar *McDonnell Douglas* framework).  Defendant first argues that the Plaintiff's factual allegations are insufficient to make out a *prima facie* case of employment discrimination.  Second, the Defendant argues that even if well-pleaded, the Plaintiff's Title VII discrimination claim is untimely.  Because the Court determines that any intended discrimination claim is untimely, the Court does not take up the question of whether it is otherwise well-pleaded.

As a preliminary observation, it is not clear that Plaintiff intended to assert a Title VII sex discrimination claim in addition to her Title VII retaliation claim. And as noted, the motion to dismiss is not directed to the retaliation claim. However, to the extent such a claim was intended, the allegation Plaintiff appears to rely upon is that she was subjected to "unwelcomed sexual comments" by her supervisor in approximately March 2018.

---

[5] The Defendant's motion does not challenge whether the Plaintiff has adequately pleaded a *retaliation* claim under Title VII.  As a result, the Court need not, and does not, address whether the Plaintiff has adequately pleaded a retaliation claim under Title VII.

Under Title VII, an aggrieved party must file a charge of discrimination with the EEOC "within one hundred and eighty days after the alleged unlawful employment practice occurred" or, if "the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief," then "three hundred days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). If these procedural requirements are not met, the action is time barred and must be dismissed as untimely. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002). Here, the Plaintiff asserted in the Charge that she complained to management about her team supervisor making "unwelcomed sexual comments" "just over a year ago." (EEOC Charge at 1.) Accordingly, to the extent this conduct was the basis for a discrimination claim, it was clearly untimely. The dismissal is with prejudice because any efforts to replead this claim would be futile. *Foman*, 371 U.S. at 182; *Ruffolo*, 987 F.2d at 131.

**Motion for More Definite Statement**

In addition to seeking dismissal of select claims, the Defendant also seeks clarification concerning the nature of the Plaintiff's remaining claims, which are for sex-based retaliation under Title VII and age discrimination under the ADEA. The Defendant contends that the Plaintiff, who used the form complaint for employment discrimination claims, "failed to supplement the form with facts describing how the checked boxes [indicating a variety of possible discrimination laws] apply to her." (Def.'s Mem. at 9.) As a result, the Defendant argues that the Complaint does not comply with the pleading requirements embodied in Rule 8 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief. . . .").

The "principal function" of the pleading requirements embodied in Rule 8 "is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial."

*Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Rule 8 requires a plaintiff to "disclose sufficient information to permit the defendant 'to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery.'" *Kittay v. Kornstein,* 230 F.3d 531, 541 (2d Cir. 2000) (emphasis added) (quoting *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)). If a complaint is impermissibly vague, a defendant may seek either dismissal of the complaint or a more definite statement. Fed. R. 12(b)(e); *Salahuddin*, 861 F.2d at 42; *see also* 5C Charles Alan Wright & Arthur Miller, *Federal Practice & Procedure* § 1376 (3d ed. 2004) ("If the pleading is impermissibly vague, the court may act under Rule 12(b)(6) or Rule 12(e), whichever is appropriate, without regard to how the motion is denominated."). Here, the Defendant seeks a more definite statement as to any claims not dismissed by the Court.

Rule 12(e) of the Federal Rules of Civil Procedure provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." "Although . . . motions [under Rule 12(e)] are generally not favored and should not be granted as a substitute for discovery, the granting of a motion for more definite statement is within the discretion of the Court." *Ramey v. Morgan*, No. 17-cv-01086 (JAM), 2017 WL 5171846, at *2 (D. Conn. Nov. 7, 2017).

Construing the Complaint in a light most favorable to the Plaintiff, the Court concludes that a more definite statement is required only as to the Plaintiff's ADEA claim. In support of her retaliation claim under Title VII, the Plaintiff alleges that she applied for two Business Customer Service Representative positions but was not considered for them because she did not meet all satisfactory levels of performance in her most recent performance evaluation. The Plaintiff further alleges that her most recent performance evaluation was completed by her team supervisor, the very person against whom she filed a complaint with management a year earlier because of

unwelcomed sexual comments he made.  The Plaintiff alleges that this team supervisor gave her a negative performance review because of her complaint, thereby eliminating her ability to be considered for the Business Customer Service Representative positions.  The Defendant does not articulate how these allegations are inadequate to give it fair notice of the nature of the Plaintiff's sex-based retaliation claim under Title VII.  Accordingly, the Defendant's motion for a more definite statement as to the Title VII retaliation claim is denied.

The Court agrees with the Defendant, however, that the Plaintiff's age discrimination claim under the ADEA is impermissibly vague.  In support of her ADEA claim, the Plaintiff identifies her age and asserts, in a conclusory fashion, that she "strongly believe[s] [her] age was the deciding factor" in the decision not to consider her for the Business Customer Service Representative positions.  (EEOC Compl. at 2.)  She also asserts several other "beliefs" about the Defendant's employment practices that she contends support her age discrimination claim.  These threadbare and conclusory allegations are insufficient "to permit the defendant 'to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery.'" *Kittay*, 230 F.3d at 541 (quoting *Ricciuti*, 941 F.2d at 123).  Subject to the pleading requirements discussed above, the Plaintiff is directed to file an amended complaint setting forth in greater detail, the factual bases for the ADEA claim.[6]

The Plaintiff must, at a minimum, allege sufficient facts, which if accepted as true, "plausibly suggest that (1) the employer took an adverse action and (2) age was the 'but for' cause of that adverse action."  *Boonmalert v. Cty. of New York*, 721 F. App'x 29, 32 (2d Cir. 2018) (summary order) (citing *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015)); *see also Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 238 (2d Cir. 2007) (setting forth

---

[6] In doing so, the Plaintiff, now represented by counsel, is free of course to provide a more ordered and comprehensive recitation of the facts giving rise to the retaliation claim as well.

requirements for *prima facie* case).  The Plaintiff should bear in mind that "[she] has to offer more than mere conjecture and speculation" to support her claim.  *Cope v. Wal-Mart Stores E., LP*, No. 15-cv-01523 (CSH), 2017 WL 2802722, at *13 (D. Conn. June 28, 2017); *see also Norton v. Sam's Club*, 145 F.3d 114, 119 (2d Cir. 1998) ("a jury cannot infer discrimination from thin air"). "[B]eliefs or feelings, however sincerely held, cannot support an employee's claim of discrimination if there is no proof or insufficient proof that the employer actually engaged in illegal discrimination; and unsupported subjective impressions are not probative on that issue." *Jackson v. Post Univ., Inc.*, 836 F. Supp. 2d 65, 98 (D. Conn. 2011).

**Conclusion**

For all of these reasons, the Defendant's motion to dismiss, ECF No. 19, is GRANTED. Any claims asserted by the Plaintiff under the ADA are dismissed with prejudice.  Similarly, the Plaintiff's claim for employment discrimination under Title VII, other than her retaliation claim, is dismissed with prejudice. Plaintiff's claim under the ADEA and her Title VII retaliation claim shall proceed.  Finally, the Plaintiff shall file her Amended Complaint containing a more definite statement as to the ADEA claim on or before November 6, 2020.

**SO ORDERED** at Bridgeport, Connecticut, this 23rd day of October 2020.

*/s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE